IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Number: 3:23CR150-REP |
| | ) |
| KUMKIO MARTIN, | ) |
|               Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT'S MOTION TO SUPPRESS ELECTRONIC EVIDENCE
UNDER THE FOURTH AMENDMENT**

The Court should suppress evidence seized in violation of the Fourth Amendment, of which there is a lot in this case. In particular, there warrants to search two cell phones with 1) no nexus to the crime except the conclusory allegation that Mr. Martin was "identified by detectives" as the robber; and 2) no limitation on the type or timeframe of data received, making it a general, unparticularized warrant.

**I.  Background**

Two identical warrants issued in this case to search two iPhones. Exs. 1, 2. The affidavits described in four sentences a robbery of a Tobacco Hut and investigation, and then assert that the male robber "was identified by detectives as Kumkio Martin, Jr." without providing any sort of basis for the conclusion. Ex. 1 at 3, Ex. 2 at 3. The affidavit makes no allegation that the phone was used to plan or commit the robbery, or any other nexus to the robbery. *Id*.

The warrants stated they were "issued in relation to" "Va Code Section 18.2-58 Robbery, VA Code Section 18.2-53.1 Use of a firearm in commission of a felony." Exs. 1, 2 at 7. They authorized searches for "Stored data in allocated and unallocated space to include actively stored

1

data and deleted data that is evidence of robbery or use of a firearm in commission of a felony."

*Id*.

## II. The Phone Warrants Are Insufficiently Particular and Lack a Nexus to the Crime

### A. The Affidavit Provided No Nexus Between Mr. Martin and his Phone and Any Crime

The affidavit in support of the warrant first describes a robbery at the Tobacco Hut on Midlothian Turnpike on May 4, 2023, in which a black male entered the store, displayed a firearm, and then fled with cash and vaping devices. Ex. 1 at 3. Then, without explaining how or why, the affidavit asserts that "[t]he male was identified by detectives as Kumkio Martin, Jr. and subsequently arrested." It also asserts that [t]he female [sic] that was inside of the location at the time of the robbery was identified as Breona Reid, who is the girlfriend of Martin." *Id*. The affidavit describes a vehicle belonging to Reid as having been "used in the robbery" and that it had a tracking device previously installed. When the car was pulled over, Mr. Martin was the driver and sole occupant. The phone was found in the car and claimed by Mr. Martin.

> *1. A conclusory assertion that Mr. Martin "was identified" by detectives does not provide an independent basis for a magistrate to find probable cause.*

The affidavit here says to the magistrate essentially "trust us, we got the right guy." That's not enough for probable cause, because there must be a basis for the magistrate independently to conclude that probable cause existed tying the phone and Mr. Martin to the robbery. Determinations of probable cause and particularity be made ex ante by a "neutral and detached judicial officer," and not through "the hurried judgment of a law enforcement officer engaged in the often competitive enterprise of ferreting out crime." *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 326 (1979). The affidavit supporting the warrant "must provide the magistrate with a substantial basis for determining the existence of probable cause[.]" *Illinois v. Gates*, 462 U.S.

2

213, 239 (1983). So, for example, an assertion that the affiant "has cause to suspect and does believe" that illegal liquor would be at a certain place was insufficient. *Nathanson v. United States*, 290 U.S. 41, 54 (1933). So the affiant's assertion that the car stopped was used in the robbery, and that Mr. Martin "was identified" as the suspect were similarly conclusory and therefore not enough to show probable cause.

### 2. *There is no nexus even alleged between the phones and any crime*

And even if the magistrate could defer so completely to the affiant's suspicion, there still was not even an assertion of any nexus between the phones to be searched and the robbery. The Fourth Circuit explicitly requires a nexus between the alleged crime and any phone that is the subject of a warrant. In *United States v. Lyles*, 910 F.3d 787 (4th Cir. 2018), the government obtained a warrant to search a house for items including cell phones. But the Fourth Circuit (Judge Wilkinson, writing for the Court), held the warrant invalid because

> the warrant application lacked any nexus between cell phones and marijuana possession. There is insufficient reason to believe that any cell phone in the home, no matter who owns it, will reveal evidence pertinent to marijuana possession simply because three marijuana stems were found in a nearby trash bag. At some point an inference becomes, in Fourth Amendment terms, an improbable leap.

*Id*. at 795.

The D.C. Circuit confronted such a warrant, and struck it down. In *United States v. Griffith*, 867 F.3d 1265 (D.C. Cir. 2017), a warrant issued to search the defendant's house for a cell phone. It noted first, the "the affidavit in this case conveyed no reason to think that Griffith, in particular, owned a cell phone" and no reason to believe one was used in the crime of which he was suspected. *Id*. at 1272-73-. Second, even if the defendant owned a phone, there was in that case no "reason to believe that a phone may contain evidence of a crime." *Id*. at 1274. The Court held that generalized assertions by the affiant that gang members such as the defendant maintain

3

contact and share intelligence "through cell phones" was insufficient to establish a nexus between the crime and any phone. And this warrant doesn't even have that.

Other courts have likewise held, even in cases involving multiple perpatrators, that the suspect's participation in a crime with others is not alone sufficient to find a nexus between any phone and a crime. *See Commonwealth v. White*, 59 N.E.3d 369, 371-72, 376-77 (Mass. 2016) (concluding that those circumstances were insufficient to support a determination of probable cause); *see also United States v. Ramirez*, 180 F. Supp. 3d 491, 495 (W.D. Ky. 2016) (same). This case is the same. Although probable cause undoubtedly existed that a bank robbery had happened, nothing whatsoever in the affidavit established any connection between the bank robbery and any phone. The affidavit did not allege that the bank robber used a phone before during or after the robbery, or that he possessed a phone at any point in time, or that he acted in concert with any other person. And like in *Griffith*, even if there had been evidence of the existence of a phone in the possession of the bank robber, there was nothing on which to find a fair probability that evidence of the crime would be on any phone.

And it's too late to speculate about the typical practices of those who rob stores, even if it were relevant. Even in cases where profile evidence is used, officers describe both the characteristics of the type of person that commits the asserted crime, and facts that fit the subject of the search into that profile. For example, this Court held that an officer's affidavit describing in detail the typical practices of drug dealers, and alleging relevant facts (multiple phones, seized from defendant's car, in proximity to drugs) sufficed to establish a nexus between the phones and the crime. *United States v. Peterson*, 2019 WL 1793138, *12 (E.D.Va. 2019). By contrast, the affidavit here does not discuss the typical practices of robbers, or even robbery-related crimes, and how a phone was supposed to have been used, or what evidence it is supposed to have contained.

*3. Good Faith Does Not Apply*

> [T]he exclusionary rule should not apply in this case due to the "bare bones" nature of the affidavit, and because the state magistrate could not have acted as other than a "rubber stamp" in approving such an affidavit. *See United States v. Laury*, 985 F.2d 1293, 1311 n. 23 (5th Cir.1993) (defining "bare bones affidavit" as one that contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause").

*United States v. Wilhelm*, 80 F.3d 116, 121 (4th Cir. 1996).

**B.    The Phone Search Warrants Are General "All Records" Warrants**

The warrants in this case authorized a search for "[s]tored data in allocated and unallocated space to include actively stored data and deleted data that is evidence of robbery or use of a firearm in commission of a felony." Ex. 1 at 7. This language fails the particularity requirement because it does not particularly describe *what* there is a fair probability of finding related to the May 4, 2023 robbery. It's not limited in time or scope. Imagine, by analogy, a warrant authorizing the search of a house for "any objects" (or even "any objects that are evidence of robbery"). There's no question that such a warrant would fail and no reason to distinguish phones.

Warrants must not only be supported by probable cause, but must particularly describe the evidence for which probable cause exists. *See* U.S. CONST. Amend. IV. The particularity requirement prevents ""a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). That is, a properly narrowed warrant "makes general searches . . . impossible[.] As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Stanford v. Texas*, 379 U.S. 476, 485 (1965). Thus, the face of the warrant must "confine[] the executing officers' discretion by allowing them to seize only evidence of a particular crime." *United States v. Fawole*, 785 F.2d 1141, 1144 (4th Cir. 1986). "[B]lanket suppression is warranted where the officers engage in a 'fishing expedition' for the discovery of incriminating evidence." *United States v. Uzenski*, 434 F.3d 690, 709 (4th Cir. 2006).

5

The warrant fails to particularly describe the things to be seized. It permits the seizure of every bit of data on the phone, instead of particularly describing what sort of evidence the police were expecting to find. In *Groh v. Ramirez*, 540 U.S. 551 (2004), the Supreme Court confronted a similarly broad warrant. The warrant application requested a warrant for specific items – machine guns and grenade launchers – for which probable cause was established. But the warrant that issued simply listed the entire house as the object of the search. *Id*. at 554. The Supreme Court held that "[t]he warrant was plainly invalid." *Id*. at 557.

> The Fourth Amendment states unambiguously that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, *and the persons or things to be seized*." (Emphasis added.) The warrant in this case complied with the first three of these requirements: It was based on probable cause and supported by a sworn affidavit, and it described particularly the place of the search. On the fourth requirement, however, the warrant failed altogether.

*Id.* 557 (emphasis in original). So too here. The warrant made not even the slightest attempt to limit the disclosure to information – or even classes of information – in the phone for which probable cause existed.

The vast majority of data in a person's phone is protected and deeply private. *See Riley v. California*, 134 S. Ct. 2473, 2489 (2014) (holding contents of phone protected, in part, because it provides access to cloud storage); *Carpenter v. United States*, 138 S.Ct. 2206 (2018) (privacy in cell site location information over time). So courts examining all-data warrants like this one, with no description of the particular type of data that might be relevant and could be sought, have held that they fail for lack of particularity. *See United States v. Russian*, 848 F.3d 1239, 1245 (10th Cir. 2017) (holding a warrant that authorized an all-data search for two cell phones invalid for lack of particularity); *see also United States v. Wagner*, 951 F.3d 1232, 1247 (10th Cir. 2020) ("a warrant must describe with particularity the items sought on a computer"); *United States v. Stabile*,

633 F.3d 219, 237 (3d Cir. 2011) ("[G]ranting the Government a carte blanch to search every file on the hard drive impermissibly transforms a 'limited search into a general one.'") (citations omitted); *United States v. Rarick*, 636 F. App'x. 911, 914-15 (6th Cir. 2016) ("[W]e must also take care not to give the Government free rein to essentially do away with the particularity requirement by allowing it to examine every file on the device.") (citations omitted); *see also, e.g.*, *United States v. Richards*, 659 F.3d 527, 541-42 (6th Cir. 2011) (reviewing law governing search warrants for electronic devices, approving warrant there because "the scope of the warrant was restricted to a search for evidence of child pornography crimes and did not permit a free-ranging search."); *United States v. Winn*, 79 F. Supp. 3d 904, 919 (S.D. Ill. 2015) ("The major, overriding problem with the description of the object of the search—"any or all files"—is that the police did not have probable cause to believe that everything on the phone was evidence of the crime of public indecency. The description was a template used by the St. Clair County State's Attorney's Office for all cell phone searches."). Magistrate Judge Facciola of the United States District Court for the District of Columbia refused to issue warrants for the entire contents of phones without a particularized description of the information relevant to the government's investigation. *See In re search of Black iPhone 4*, 27 F. Supp. 3d 74 (D.D.C. 2014). In addition, state courts looking at this same question agree. *See, e.g.*, *Buckham v. State*, 185 A.3d 1 (Del. 2018) (warrant for "[a]ny and all store[d] data" on defendant's cell phone invalid); *Burns v. United States*, 235 A.3d 758 (D.C. 2020) (holding a warrant for "any evidence" on a phone to be a general warrant); *State v. Henderson*, 854 N.W.2d 616, 632-34 (Neb. 2014) (voiding on particularity grounds a warrant to search "any and all" content on the defendant's cell); *State v. Keodara*, 191 Wash. App. 305, 312-17, 364 P.3d 777, 780-83 (Div. 1 2015) ("There was no limit on the topics of information for which the police could search. Nor did the warrant limit the search to information generated close in time

to incidents for which the police had probable cause."); *State v. Castagnola*, 145 Ohio St. 3d 1, 2015-Ohio-1565, 46 N.E.3d 638 (2015) (warrant for "[r]ecords and data stored on computer."); *People v. Melamed*, 178 A.D.3d 1079, 1080-83, 116 N.Y.S.3d 659, 662-64 (2d Dep't 2019) (all records warrant invalid despite date restriction to 5 year period); *State v. Savath*, 298 Or. App. 495, 498-503, 447 P.3d 1, 4-6 (2019) (warrant for data "related to controlled substance offenses" on mobile phone).

Even the government has agreed that warrants to search phones have to have *some* limitation on the type of data sought. At oral argument in another case before the Fifth Circuit *en banc*, United States conceded that the particularity requirement of the Fourth Amendment requires a warrant to "particularize the types of evidence that are sought[.]"[1] *Id*. at 45:11. And it appeared to disavow warrants to search "the entire cell phone." *Id*. at 48:22 ("So it wouldn't be the entire cell phone. It would – based on the databases that are within the phone, the file extensions of the data, the forensic examiner would have to determine whether there was a reasonable probability that whatever the type of evidence you're looking for would be found.").

Applied here, the warrants fail. "Stored data" covers everything in the phone about which *Riley* spoke. Were officers after photographs? Text messages? Location data? Browser history? Emails? The warrant doesn't make them choose or specify which of those could contain information for which probable cause existed, and so the warrant fails for lack of particularity.

---

[1] *See United States v. Morton*, No. 19-10842, https://www.youtube.com/watch?v=c9adhSz2YRA (Official Fifth Circuit Court of Appeals YouTube Channel, oral argument audio).

1.  *Data "That Is Evidence of Robbery or Use of a Firearm in Commission of a Felony" is not a Limitation*

First, the clause "that is evidence of robbery or use of a firearm in commission of a felony" describes only provides an example, because the preceding clause begins "to include". As a simple matter of English, "stored data . . . to include actively stored data and deleted data"

Second, gramatically, it appears that the clause "that is evidence of robbery or use of a firearm in commission of a felony" modifies only the last antecedent, which is "deleted data". If the warrant had intended the evidence-of-robbery clause to limit all of the data, there would be a comma:

| "[s]tored data in allocated and unallocated space to include actively stored data and deleted data that is evidence of robbery or use of a firearm in commission of a felony." |
|---|
| vs |
| "[s]tored data in allocated and unallocated space to include actively stored data and deleted data, that is evidence of robbery or use of a firearm in commission of a felony." |

2.  *Even As a Limitation, "Evidence of Robbery" etc. is Insufficient to Particularize the Warrant.*

The warrant must "confine[] the executing officers' discretion by allowing them to seize only evidence of a *particular crime*." *United States v. Fawole*, 785 F.2d 1141, 1144 (4th Cir. 1986).

> [A] warrant authorizing a search for evidence relating to a broad criminal statute or general criminal activity such as "wire fraud," "fraud," "conspiracy," or "tax evasion," is overbroad because it provides no readily ascertainable guidelines for the executing officers as to what items to seize.

*United States v. Dickerson*, 166 F.3d 667, 694 (4th Cir. 1999) (citations omitted), rev'd on other grounds, 530 U.S. 428, 120 S. Ct. 2326, 147 L. Ed. 2d 405 (2000); *see also United States v. Shah*, 2015 WL 72118 at *14 (E.D.N.C. 2015) (same). Here, the language at issue is "that is evidence of robbery. The government will likely note that *Dickerson* concerned a warrant for evidence of

bank robbery, which the Fourth Circuit held generated "distinctive" evidence sufficient to limit the scope of the warrant.

> But the Court must distinguish between instrumentalities and evidence.
>
> Quite obviously, a distinction must be drawn between instrumentalities and evidence where the description is limited to the type of criminal conduct involved; while, as noted above, this may sometimes be sufficient as to instrumentalities, it of course is not sufficient as to evidence.

LaFave, Search & Seizure § 4.6(d) (6th ed.). *Dickerson* concerned physical objects that were instruments of the bank robbery: "a silver .45 caliber handgun, dye-stained money, a bait bill from another robbery, ammunition, masks, and latex gloves" *See Dickerson*, 166 F.3d at 694. But this case concerns data. The physical *instrumentalities* of a robbery are quite distinctive – a mask, or hoodie, or gun, cash, valuables, etc. But *evidence* of robbery can be anything – a photograph, a text message, an email.

> There are grave dangers inherent in executing a warrant authorizing a search and seizure of a person's papers that are not necessarily present in executing a warrant to search for physical objects whose relevance is more easily ascertainable.

*Andresen v. Maryland*, 427 U.S. 463, 482 n.11 (1976). Here, of course, the search concerns data in a cell phone, which can't contain guns or masks or cash or any instrumentality; instead it is necessarily a search only for evidence. Therefore the "that is evidence of robbery" language of the warrant does nothing to limit the discretion of officers conducting the search.

Last, whatever the Court's or government's understanding of any limits on the data that could be seized, officers did not feel so bound and interpreted the warrant to authorize seizure of literally all data on the phone, which they did.

    3.   The Warrants Contain No Timeframe For Data Sought

The warrant affidavit here only mentions a robbery on May 4, 2023, and an undated prior investigation regarding the vehicle. But it authorized search for any data without regard to when

it was created or accessed. "Failure to limit the search by relevant dates, when such dates are available to the police, also will render a warrant overbroad." *United States v. Lazar*, 604 F.3d 230, 238 (6th Cir. 2010); *see also United States v. Kow*, 58 F.3d 423 (9th Cir.1995) (warrant which authorized seizure "of virtually every document and computer file" at business too broad; court stresses government "could have made the warrant more particular," e.g., by specifying criminal conduct and time frame); *see also Buckham v. State*, 185 A.3d 1 (Del. 2018) (search warrant for GPS data on cell phone invalid because it "did not limit the search . . . to any relevant time frame"). Therefore because this warrant places no limits to dates relevant to the crime suspected, it is grossly overbroad.

This issue was confronted but then avoided in *United States v. Zelaya-Veliz*, ___ F.4th ____, 2024 WL 650818 (4th Cir. Feb. 16, 2024). In that case, several of the warrants for Facebook account data contained *no* temporal limitation. *Id*. at 13. The Fourth Circuit cited and quoted several cases holding that such limitations were an integral part of particularity (and no cases rejecting such a rule), but then inexplicably called the issue "unsettled" and affirmed the use of the good faith exception to excuse whatever possible Fourth Amendment violations might have happened, without resolving whether or what rule applies. But here, combined with the vagueness of the robbery-in-general limitation, the lack of any temporal limit prevents the warrant from being sufficiently particular to pass the Fourth Amendment. In other words, the warrant could have said evidence of *the robbery of Tobacco Hut* or *the robbery described in the affidavit*, or on the other hand it could have simply described the evidence sought such as text messages or pictures or whatever *on or about May 4, 2023 between X and Y*. But by doing neither, it left the phones wide open to a general rummaging.

11

Respectfully Submitted,
Kumkio Martin.

By: _____/s/_____
Counsel
Joseph S. Camden
Va. Bar No. 92143
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0830
Fax (804) 648-5033
joseph_camden@fd.org